**SO ORDERED.**

**SIGNED this 10 day of December, 2009.**

_____
J. Rich Leonard
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

TIMOTHY JAMES O'BRIEN,                CASE NUMBER: 09-03088-8-JRL
                                       CHAPTER 13
    DEBTOR.
_____

### ORDER

This matter came before the court on the pending motions for confirmation of the debtor's chapter 13 plan and motion for relief from stay. A hearing was held in Raleigh, North Carolina on December 1, 2009.

The debtor filed for relief under chapter 13 of the Bankruptcy Code on April 16, 2009. Bank of America is a creditor of the debtor, holding a promissory note secured by a deed of trust on property known as 1803 White Oak Road, Raleigh, North Carolina, in the principal amount of $752,000.00. The approximate amount due and owing on the note is $806,466.64. Bank of America is also the holder of a second deed of trust on the property in the amount of $92,500.00. The debtor's proposed plan requires that monthly mortgage payments to Bank of America be made outside of the plan. However, the debtor has failed to make any direct post-petition mortgage payments. The delinquency is in the approximate amount of $30,000.00.

At the hearing, the debtor acknowledged that he was delinquent on his mortgage.

However, the debtor asserted that the failure to make his mortgage payments was not based upon indifference, but rather was because he was seeking to either: 1) market the real property, or 2) modify the loan.  Having scheduled the value of the property in the amount of $827,200.00, the debtor asserted there was enough equity in the property to allow six months for marketing or loan modification. Bank of America disagreed, contesting that there was no equity available in the property.  In spite of its position on the amount of available equity, Bank of America was willing to allow the debtor a three month period in which to accomplish marketing or modification.

To be a chapter 13 debtor, an individual must have regular income.  11 U.S.C. § 109(e). Basing a plan solely upon the liquidation of equity in a debtor's residence does not satisfy the requirement of "regular income."  In the Matter of Anderson, 21 B.R. 443, 445 (Bankr. N.D.Ga. 1981).  Furthermore, a chapter 13 debtor must be able to make all plan payments.  11 U.S.C. § 1325(a)(6).  This section of the code is often known as the feasability requirement.  Satisfying the feasability requirement becomes a difficult issue, and often fails, when proposing a plan to liquidate assets in a depressed market. In re Gavia, 24 B.R. 573, 575 (B.A.P. 9th Cir. 1982). However, in light of the creditor's willingness to give the debtor a short period of time to rectify the current delinquency, the court will allow the debtor three months to allow for the successful marketing of the property or to obtain a loan modification that will deem the debtor's mortgage current.  After the three month period has expired, the stay will lift if neither of these conditions is met.

Based on these conditions, the motion for confirmation is ALLOWED.

**END OF DOCUMENT**